IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|  |  |  |
|---|---|---|
| In Re:<br>SILICA PRODUCTS LIABILITY<br>LITIGATION | § § § § § § | MDL Docket No. 1553 |
| SAMUEL ALEXANDER, JR., et al.<br><br>v.<br><br>AIR LIQUIDE AMERICA<br>CORPORATION, et al. | § § § § § § § § § | Civil No. 03-533 |

**ORDER TO AMEND COMPLAINT**

On this day came on to be considered the Court's <u>sua sponte</u> examination of its subject-matter jurisdiction in the above-styled tag-along action to MDL 03-1553.  Plaintiffs are hereby ORDERED to AMEND their Complaint no later than MAY 23, 2005, in order to make a complete statement of the basis for federal diversity jurisdiction.  Plaintiffs shall specifically allege both the (1) place of incorporation, and (2) the principal place of business, of each corporate Defendant.

**I.   Discussion**

The above-styled MDL tag-along action was originally filed in this Court.  Plaintiffs allege--and Defendants do not dispute--that

this Court has diversity jurisdiction over this action.  See 28 U.S.C. § 1332 (diversity statute).

However, in conducting its own review of its subject-matter jurisdiction,[1] the Court finds that the jurisdictional allegations in the Complaint are deficient.  Specifically, the principal places of business of most of the corporate Defendants have not been alleged.

"When jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged."  Stafford v. Mobil Oil Corp., 945 F.2d 803, 804 (5th Cir. 1991) (quotation omitted); see also Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001) (same).  "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business."  Stafford, 945 F.2d at 805 (quoting Getty Oil Corp. v. Ins. Co. N. Am., 841 F.2d 1254, 1258 (5th Cir. 1988) (citing 28 U.S.C. § 1332(c)).  As in Stafford, "Plaintiffs have stated facts alleging only one of these two possible states of corporate citizenship with respect to each defendant, which is not enough to establish diversity jurisdiction."  Stafford, 945 F.2d at 805.

---

[1] "[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte."  Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004); see also Fed. R. Civ. P. 12(h)(3).

Because the parties have not questioned the subject-matter jurisdiction of this Court in this case, the defective jurisdictional allegations may be cured pursuant to 28 U.S.C. § 1653.[2] See Stafford, 945 F.2d at 806 ("[A] party shall be allowed to amend its complaint in order to make a complete statement of the basis for federal diversity jurisdiction where diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist.") (citing Leigh v. Nat'l Aeronautics & Space Admin., 860 F.2d 652, 653 (5th Cir. 1988)).

Therefore, Plaintiffs, as the parties seeking to invoke the jurisdiction of this Court in this case,[3] will be required to amend their jurisdictional allegations.

## II. Conclusion

For the reasons stated above, Plaintiffs are hereby ORDERED to AMEND their Complaint no later than MAY 23, 2005, in order to make a complete statement of the basis for federal diversity jurisdiction. Plaintiffs shall specifically allege both the (1)

---

[2] Section 1653 states that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.

[3] "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." Stafford, 945 F.2d at 804 (quoting Getty Oil, 841 F.2d at 1259).

place of incorporation, and (2) the principal place of business, of each corporate Defendant.

SIGNED and ENTERED this 16th day of May, 2005.

_____
Janis Graham Jack
United States District Judge