IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In Re:<br>SILICA PRODUCTS LIABILITY<br>LITIGATION | § § § § § § | MDL Docket No. 1553 |
| SAMUEL ALEXANDER, JR., et al.<br><br>v.<br><br>AIR LIQUIDE AMERICA<br>CORPORATION, et al. | § § § § § § § § § | Civil No. 03-533 |

## ORDER ADDRESSING "STATEMENT AND REQUEST FOR HEARING"

On this day came on to be considered the Statement and Request for Hearing ("Request for Hearing"), filed July 7, 2005 by Plaintiffs' counsel, O'Quinn, Laminack & Pirtle ("O'Quinn").

In this filing, submitted in response to Order No. 29, O'Quinn requests "an opportunity to be heard on the substantive issue, as opposed to the amount, of sanctions the Court intends to levy." (Request for Hearing at 1.) O'Quinn has had numerous opportunities to be heard on this issue, most notably during the March 14, 2005 sanctions hearing, as well as the multiple rounds of briefing before and after the sanctions hearing. After considering the parties' voluminous submissions, the Court issued Order No. 29, wherein the Court determined that O'Quinn should be liable for

sanctions pursuant to 28 U.S.C. § 1927.  (Order No. 29 at 232-46.)[1]
O'Quinn's request for yet another hearing on this issue is DENIED.

In the Request for Hearing, O'Quinn additionally states that it "will not contest the amounts estimated by the Court as expenses incurred by the defendants during the 'Daubert' hearings held on February 16, 17 and 18, 2005."  (Request for Hearing at 1.) Therefore, for the reasons stated in Order No. 29, O'Quinn is hereby ORDERED to pay $8,250 to Defendants as a sanction for violating 28 U.S.C. § 1927.  This money shall be paid to

---

[1] For instance, Order No. 29 states: "[T]he Court finds that in <u>Alexander</u>, O'Quinn has 'multiplie[d] the proceedings ... unreasonably and vexatiously,' and the firm will be required 'to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'  28 U.S.C. § 1927."  (Order No. 29 at 239 (footnotes omitted).)  Order No. 29 also states:
> [W]hile the Court determines herein that O'Quinn should be liable for <u>Alexander</u>'s proportionate share of Defendants' reasonable fees, expenses and costs for the <u>Daubert</u> hearings, the Court does not yet fix the amount of the sanction in this Order. <u>See</u> <u>Travelers Ins. Co. v. St. Jude Hosp., Inc.</u>, 38 F.3d 1414, 1416 (5th Cir. 1994) (noting that a district court may award sanctions in one order, and set the amount of the award in a later order; also noting that the sanctions award only becomes appealable when "the award is reduced to a sum certain") (citing <u>S. Travel Club, Inc. v. Carnival Air Lines, Inc.</u>, 986 F.2d 125, 131 (5th Cir. 1993)).

(Order No. 29 at 245.)  Finally, Order No. 29 states:
> Defendants' Motions for Sanctions will be GRANTED as to <u>Alexander</u>.  The law firm of O'Quinn, Laminack & Pirtle ... has multiplied the proceedings unreasonably and vexatiously, and will be required to satisfy personally <u>Alexander</u>'s proportionate share (i.e., one percent) of Defendants' reasonably incurred costs, expenses and attorneys' fees for the <u>Daubert</u> hearings conducted on February 16-18, 2005.

(Order No. 29 at 248.)

Defendants' liaison counsel, Darrell Barger, for distribution, no later than 1 p.m., August 12, 2005.

Finally, in its Request for Hearing, O'Quinn states that "Plaintiffs request the Court set defendants' motions for summary judgment for hearing." (Request for Hearing at 2.) As usual, all pending motions will be heard at the next status conference, set for August 22, 2005.

SIGNED and ENTERED this 15th day of July, 2005.

_____
Janis Graham Jack
United States District Judge